# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ANTHONY J. TIPTON

NO. 2021 KW 1133

OCTOBER 12, 2021

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 06-16-0468.

---

**BEFORE:   GUIDRY, McCLENDON, AND WELCH, JJ.**

**WRIT DENIED.** See La. Code Evid. art. 702(A)(4), which requires that "[t]he expert has reliably applied the principles and methods to the facts of the case."

**JEW**

**Guidry, J.,** concurs and would deny the writ application on the showing made.

**McClendon, J.,** dissents and would grant the writ application. In its ruling, the trial court acknowledged, "there's a fact in issue here that [the expert] could testify to." "The determination of whether an expert's testimony is admissible requires an assessment of 'whether that reasoning or methodology properly can be applied to the facts in issue." **Blair v. Coney,** 2019-00795 (La. 4/3/20), 2020 WL 1675992, reh'g denied, 2019-00795 (La. 7/9/20), 298 So.3d 168. Expert testimony can assist a jury in understanding the significance of a child-witness's demeanor, inconsistent reports, delayed disclosure, reluctance to testify, and recantation. An expert witness can explain to the jury that a child-witness's seemingly abnormal behavior such as delayed reporting, inconsistent statements, and recantation is normal for children who have been sexually abused and can also dispel jurors' inaccurate perceptions allowing them to better assess a child-witness's testimony. **State v. Pagano,** 2020-1073 (La. App. 1st Cir. 10/4/21), 2020 WL 4549134. Accordingly, I would find that under the particular facts and circumstances of this case, the trial court erred in its application of La. Code Evid. art. 702(4).

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT